No. 81-163

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

CITY OF HARDIN,

Plaintiff and Respondent,

vs.

VICKI LYNN MYERS,

Defendant and Appellant.

Appeal from:    District Court of the Thirteenth Judicial District,
                In and for the County of Hardin.
                Honorable Robert Wilson, Judge presiding.

Counsel of Record:

    For Appellant:

        Stacey and Jarussi, Billings, Montana

    For Respondent:

        Clarence T. Belue, City Attorney, Hardin, Montana

                            Submitted on briefs:  July 9, 1981

                                        Decided: SEP 11 1981

Filed: SEP 11 1981

_Thomas J. Kearney_
                            Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Vicki Lynn Myers was charged with driving while intoxicated in Hardin, Montana, on September 6, 1980. At that time, she was given a notice to appear and complaint which stated the location of the offense as "Third Street" and listed the plaintiff as the City of Hardin. On October 2, 1980, Myers moved the City Court of Hardin to dismiss the charge claiming the complaint made no specific allegation of place and, therefore, did not confer jurisdiction on the City Court. The motion was denied, a jury trial held and Myers found guilty.

Myers appealed the guilty verdict. The District Court ordered that the respondent be allowed to amend the complaint to show the specific location of the offense as being in the City and remanded the matter to the City of Hardin for trial at a later date. From that order Myers appeals.

Two issues appear before this Court:

1.  Does the District Court have jurisdiction to remand for retrial a matter on appeal from City Court?

2.  Was the charging complaint fatally defective in that the allegation of place was not specific enough to confer jurisdiction on a court?

Appellant contends the District Court has no jurisdiction to remand the case to City Court for further proceedings.

Montana statute provides: "All cases on appeal from justice or city courts must be tried anew in the district court . . ." Section 46-17-311, MCA. Relying on Forsythe v. Wenholz (1976), 170 Mont. 496, 554 P.2d 1333, appellant

argues the exclusive remedy available to a City Court defendant on appeal is a trial de novo in District Court. In _Forsythe_, the defendant filed for a new trial in justice court following a guilty verdict for driving while intoxicated. On review, the Justice of the Peace dismissed the charge. The county attorney sought writs of mandamus and supervisory control for reinstatement of the guilty verdict. This Court upheld the District Court's finding that a Justice Court defendant's exclusive remedy for a new trial is a trial de novo in District Court.

Respondent recognizes _Forsythe_ but claims appellant's right to a trial de novo was preserved with the District Court's remand to City Court, and, therefore, the action was proper. We disagree.

On appeal from City Court, the District Court does not sit as a court of review but it tries the cause de novo. White Sulphur Springs v. Voise (1959), 136 Mont. 1, 343 P.2d 855; State ex rel. Borberg v. District Court (1952), 125 Mont. 481, 240 P.2d 854; State v. O'Brien (1907), 35 Mont. 482, 90 P. 514.

Since the District Court has no authority to sit as a court of review, its remand to City Court was improper. On appeal from a Justice or City Court, the District Court must try the case anew.

Since this matter is remanded to the District Court, the second issue raised will not be discussed.

John Conway Harrison
Justice

-3-

We concur:

_____
Chief Justice

_____

_____

_____
Justices