967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John LILBURN, Plaintiff-Appellant,
v.
Marc RACICOT, AAG, Attorney General of Montana; Mike
Salvagni, Gallatin County Attorney; K.L. Cool, Director of
Montana Department of Fish, Wildlife and Parks; George
Hubbard, Warden Captain, Montana Department of Fish,
Wildlife and Parks, Defendants-Appellees.
 No. 91-35310.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 4, 1992.
Decided June 15, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Lilburn appeals the district court's dismissal of his 42 U.S.C. § 1983 action challenging Mont.Code Ann. § 87-3-142 (1991) ("Act"), which prohibits the harassment of hunters. The district court ruled that, because there was a pending state criminal proceeding charging Lilburn with violating the Act, it should dismiss Lilburn's federal action pursuant to Younger v. Harris, 401 U.S. 37 (1971). We affirm.
 
 DISCUSSION
 
 3
 "Abstention under Younger is required if (1) there are pending state judicial proceedings, (2) the state proceedings implicate important state interests, and (3) the state proceedings provide an adequate opportunity to raise federal questions." Polykoff v. Collins, 816 F.2d 1326, 1332 (9th Cir.1987). However, "[e]ven if these requirements are met, abstention is inappropriate if bad faith prosecution or harassment is present, or where a statute is flagrantly and patently violative of constitutional prohibitions." Lebbos v. Judges of Superior Court, Santa Clara County, 883 F.2d 810, 814 (9th Cir.1989).[1]
 
 
 4
 I. Do the State Proceedings Provide an Adequate Opportunity To Raise Federal Questions?
 
 
 5
 Lilburn does not suggest that either of the first two prongs of the three-part test is not satisfied, and there would be no basis for such a challenge. The state began prosecuting Lilburn before he filed suit in federal court, and Younger itself indicated that state prosecutions implicate important state interests. See Younger, 401 U.S. at 43-49. Thus we move to consideration of Lilburn's argument that the state proceedings will not afford him an adequate opportunity to challenge the constitutionality of the Act.
 
 
 6
 Insofar as Lilburn alleges that he will have recourse to the Montana state courts only by means of a discretionary appeal, he misreads the Montana Code. Under § 46-17-311, a party may appeal a decision of a Justice Court to the Montana district court, and the district court considers the case de novo. See City of Hardin v. Myers, 633 P.2d 677, 677 (Mont.1981); White Sulphur Springs v. Voise, 343 P.2d 855, 857 (Mont.1959).
 
 
 7
 Lilburn also suggests that the Justice Court is not competent to consider his constitutional arguments, both because of the lack of legal materials available to justices of the peace and because the informality of the Justice Court. There is no suggestion, however, that a Justice Court is incapable of considering Lilburn's constitutional claims. Moreover, Lilburn does not dispute that the Montana state courts--to which he may appeal--are competent arbiters of his constitutional claims. Thus, it seems clear that the state proceedings afford Lilburn an adequate opportunity to raise his federal constitutional claims. We find, therefore, that the three prongs of the test for application of Younger are met.
 
 
 8
 II. Is Bad Faith Prosecution or Harassment Present?
 
 
 9
 Lilburn suggests that the state has harassed him, because he was singled out for prosecution despite the fact that others participated in the protest in question. We reject this challenge; the fact that Lilburn was arrested and others were not does not, without more, constitute harassment.
 
 
 10
 Lilburn also suggests that the state court is biased against him because it refused to grant him an extension of a previously granted stay, and it did grant the state a continuance. The documents he cites reveal, however, that the court granted him the earlier stay and merely declined to extend it to include his appeal to this court. In our view, this action does not amount to evidence of bad faith or bias.
 
 
 11
 III. Does the Act Flagrantly or Patently Violate Constitutional Prohibitions?
 
 
 12
 Lilburn's final challenge to the Act is that it flagrantly violates his First Amendment rights. "This aspect of the exception applies only when a statute is ' "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it." ' " Partington, 880 F.2d at 128 (quoting Younger, 401 U.S. at 53-54 (quoting Watson v. Buck, 313 U.S. 387, 402 (1941))). Whatever may be the merit of Lilburn's First Amendment defense, there is no basis for a conclusion that the Act is so patently unconstitutional that it meets the test quoted above.
 
 CONCLUSION
 
 13
 The district court did not err in dismissing this case.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We review the district court's dismissal pursuant to Younger de novo. Partington v. Gedan, 880 F.2d 116, 120 (9th Cir.1989), vacated on other grounds, 110 S.Ct. 3265 (1990)