No. 93-341

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

VIRGINIA RICKETT,

       Defendant and Appellant,

  -v-

CITY OF BILLINGS,

       Plaintiff and Respondent.

FILED

DEC 07 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

       Christopher P. Thimsen, Billings, Montana

       For Respondent:

       Mary Jane McCalla, Assistant City Attorney,
Billings, Montana

Submitted on Briefs:  November 5, 1993

Decided:  December 7, 1993

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

On January 14, 1993, the Billings City Court convicted Virginia Rickett (Rickett) of the offense of prostitution, imposing a six month term of incarceration in the city jail and a $500 fine. She filed a notice of appeal and the record was transmitted to the Thirteenth Judicial District Court, Yellowstone County.

Rickett, who was unrepresented by counsel, did not appear for an omnibus hearing scheduled by the District Court. Based on her failure to appear, the court determined that Rickett had not properly perfected her appeal and had waived her appeal; it deemed the appeal to be without merit. The District Court remanded the case to City Court for imposition and/or execution of that court's sentence.

On appeal, Rickett challenges the District Court's remand of her appeal. We conclude that the District Court exceeded its authority and, therefore, reverse its order remanding her appeal to City Court.

Rickett asserts that the District Court was required to hold a trial de novo upon the filing of her appeal pursuant to § 46-17-311, MCA. On that basis, she contends that court was precluded from ordering the execution of a previously-imposed sentence. She also argues that the District Court exceeded its authority by exercising appellate jurisdiction, relying on City of Hardin v. Myers (1981), 194 Mont. 248, 633 P.2d 677.

The City of Billings (the City) concedes that Rickett perfected her appeal under § 46-17-311, MCA. It contends, however,

that the District Court had the jurisdiction to remand the case under its authority to control litigants and dismiss cases sua sponte, citing §§ 3-1-111, 3-1-113, 25-33-304, and 46-13-401, MCA. We disagree.

Upon the perfection of Rickett's appeal, the District Court must try the case anew pursuant to § 46-17-311(1), MCA. We have determined that § 46-17-311(1), MCA, provides a trial de novo as the exclusive remedy for review of justice or city court proceedings. State v. Kesler (1987), 228 Mont. 242, 245, 741 P.2d 791, 793; Forsythe v. Wenholz (1976), 170 Mont. 496, 499, 554 P.2d 1333, 1335.

Black's Law Dictionary (4th ed. 1968) 1677, defines trial de novo as "[a] new trial or retrial had in an appellate court in which the whole case is gone into as if no trial whatever had been had in the court below." Therefore, a district court must conduct the proceedings before it as if the case had originated in that court, following all statutes and rules governing district court proceedings.

Section 46-16-122(2), MCA, governs a district court's response to the failure of a defendant who is unrepresented by counsel to appear during the course of a misdemeanor trial. That statute authorizes the court to do one or more of the following: 1) order a continuance; 2) order bail forfeited; 3) issue an arrest warrant; or 4) proceed with the trial after finding that the defendant had knowledge of the trial date and is voluntarily absent. The District Court's options, in response to Rickett's failure to

3

appear at the omnibus hearing, were limited to those set forth in § 46-16-122(2), MCA. It had no authority to remand her appeal to City Court under that statute.

Furthermore, the statutes cited by the City do not provide a basis for the action taken by the District Court. Section 3-1-111, MCA, sets forth a number of powers vested in the district court respecting the conduct of its business, none of which include the remand of an appeal from city court. While § 3-1-113, MCA, authorizes a district court to use the means necessary for the exercise of jurisdiction conferred by the constitution or statute, it does not grant a district court blanket authority to respond to a defendant's failure to appear when the range of responses is specifically circumscribed by statute. A district court is allowed to dismiss the appeal of a civil case under § 25-33-304, MCA. However, the statute does not authorize the remand of a criminal case such as the one before us. Finally, remand is not authorized by § 46-13-401, MCA, which allows a district court to dismiss a complaint, information, or indictment. We conclude that the District Court was without authority to remand Rickett's appeal to City Court.

Our conclusion that the District Court overstepped its authority is in accord with City of Hardin v. Myers (1981), 194 Mont. 248, 633 P.2d 677. There, we stated that § 46-17-311, MCA, vested a district court with jurisdiction for a trial de novo but not appellate review. City of Hardin, 633 P.2d at 677. On that basis, we determined that the district court exceeded its authority

4

by remanding a case to city court to allow for the correction of a faulty complaint and a new trial.  City of Hardin, 633 P.2d at 678.

We hold that the District Court was without authority to remand Rickett's case for imposition and/or execution of the sentence imposed in City Court.  Therefore, we vacate the order remanding Rickett's case and remand to the District Court for further proceedings.

Reversed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5