*340 JUSTICE NELSON
specially concurs
I concur in the result reached by this Court, although I do so while acknowledging the impossible position in which the statutory scheme places the board of trustees.
My frustration is primarily grounded in the anomalous situation ably discussed by the dissent regarding the use of evidence not available to the Trustees or in existence at the time of their decision, at the de novo hearing before the county superintendent. Under § 20-4-205, MCA, the board of trustees is required to make its teacher hiring decisions for the next school year at a time before final budgetary information is available under Title 20, Chapter 9, Part 1. As the respondents correctly point out in their brief on appeal:
In good financial times this process generally works as districts can expect to receive increased state support and some growth in district taxable valuation. In troubled financial times, however, or where districts are experiencing declining enrollment, the trustees find themselves in a situation where they must make staffing decisions before they are aware of their final budget revenue figures. In these situations the trustees make the best decision they can with the available information.
Under that sort of statutory scheme, one can hardly fault the school board for planning programs and hiring teachers and staff very conservatively, especially when the board is increasingly faced with failed school levy elections, taxpayer revolts and major changes in school funding laws that seemingly follow each session of the legislature and each court challenge.
Notwithstanding, our school laws also provide that a teacher who claims that his or her teaching contract was, for an improper reason, not renewed by the board of trustees, is entitled to a “de novo” hearing before the county superintendent. Sections 20-3-210,20-4-204, MCA; Johnson v. Beaverhead Cty. Sch. D. (1989), 236 Mont. 532, 534, 771 P.2d 137, 138; Yanzick v. School District No. 23 (1982), 196 Mont. 375, 385, 641 P.2d 431, 437.
A de novo hearing is “[a] new hearing or a hearing for the second time, contemplating an entire trial in [the] same manner in which [the] matter was originally heard and a review of previous hearing. On hearing ‘de novo’ [the] court hears [the] matter as court of original and not appellate jurisdiction.” Black’s Law Dictionary 649 (5th ed. 1979).
In Rickett v. City of Billings (1993) 261 Mont. 339, 864 P.2d 793, 50 St. Rep. 1586, 1586, we recently stated:
*341 Black’s Law Dictionary (4th ed. 1968) 1677, defines trial de novo as “[a] new trial or retrial had in an appellate court in which the whole case is gone into as if no trial whatever had been had in the court below.” Therefore, a district court must conduct the proceedings before it as if the case had originated in that court, following all statutes and rules governing district court proceedings. (Emphasis added).
Section 20-3-210, MCA, briefly describes the procedure by which the county superintendent conducts a hearing de novo. That section provides in pertinent part:
(3) The county superintendent shall hear the appeal and take testimony in order to determine the facts related to the controversy and may administer oaths to the witnesses that testify at the hearing. The county superintendent shall prepare a written transcript of the hearing proceedings. The decision on the matter of the controversy that is made by the county superintendent must be based upon the facts established at the hearing.
Section 20-3-210(3), MCA. (Emphasis added.) Also, § 2-4-703, MCA, provides that “the court may order that the additional evidence be taken before the agency upon conditions determined by the court.”
In an Opinion of the Attorney General discussing whether a hearing before a county superintendent is an original proceeding with de novo consideration, the Attorney General stated that:
The term “hearing” when used with reference to a proceeding is an equity term synonymous with “trial,” and includes the reception of evidence and arguments thereon for the sake of deciding correctly thereon. Grant v. Michaels [(1933)], 94 Mont. 452, 461, 23 P.2d 266. Montana law thus has specified a de novo type proceeding upon appeal to the county superintendent, and not merely a review of a decision of a school board. An analogous situation is an appeal from justice court to district court. Although that proceeding is referred to as an appeal, it is a trial de novo and original proceeding. The decision rendered by the school board is not voided by full consideration of the controversy by the county superintendent, but the board’s decision is taken into consideration along with facts, documents and testimony presented at the hearing.
35 Op. Att’y. Gen. No. 42 (1973). (Emphasis added.) The last sentence of the above paragraph implicitly contemplates that additional evidence may be presented at the county superintendent’s level of hearing and review.
*342 While the above authorities do not precisely address the relevance of post-termination evidence at the hearing de novo, and while the position taken by the respondents and by the dissent has logical appeal — why should the school board’s hiring decisions be second guessed on the basis of budget evidence not even in existence when the board was required to make its decisions? — nevertheless, despite exhaustive research, I have located no persuasive authority which would preclude the use of that sort of evidence in a de novo proceeding, given the obligation of the county superintendent to act as the initial fact finder in the controversy.
Moreover, the cited authorities do contemplate that on a hearing or trial de novo, that the evidence is to be presented “as if the case had originated in that [tribunal]” and “as if no trial, whatever, had been had in the [tribunal] below” and on the basis of facts, documents and testimony established and presented at the de novo hearing. Under those authorities, there is nothing to preclude the de novo finder of fact from considering relevant evidence that may not have been available to the first tribunal, given the requirement that the second hearing is an original, “from scratch” proceeding.
On de novo review, the tribunal or hearing officer (here the county superintendent) is entitled to hear all relevant evidence on the controversy at issue. See § 2-4-612, MCA, which makes Rule 402, M.R.Evid., applicable to administrative agencies. Rule 402, M.R.Evid., states that all relevant evidence is admissible, except where specific exceptions apply.
“Relevant evidence” is simply:
... evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence ... [and] ... may include evidence bearing upon the credibility of a witness or hearsay declarant.
Rule 401, M.R.Evid. Stated another way, the test of relevancy is:
... whether an item of evidence will have any value, as determined by logic and experience, in proving the proposition for which it is offered.
Derenberger v. Lutey (1983), 207 Mont. 1, 9, 674 P.2d 485, 489. Importantly, our rules of evidence do not qualify relevancy on the basis of when the evidence came into existence in relation to the matter at issue.
If, as in the instant case, the teacher claims that the non-renewal of her contract for lack of funds was merely a pretext, then prohibiting *343 the use of relevant, post-termination evidence regarding the availability of funds might deprive her of one of the most probative pieces of evidence with which she can prove her case.
Moreover, on balance, it makes more sense to admit such evidence than to disallow it. If the evidence is admitted, the school board still has the ability to prove that its decision not to renew the teacher’s contract was based solely on financial reasons and was not merely a pretext to justify a wrongful discharge. If, on the other hand, the evidence cannot even be considered, then the teacher is deprived of using the one piece of evidence that, along with other evidence, might prove that her allegations are correct.
Quite simply, if, as here, the statutory scheme forces a Hobson’s choice, then, the hearing de novo, being, at its root, a search for the truth, we should err on the side of allowing more relevant information on the issue rather than less.
Accordingly, while acknowledging the well-reasoned and argued positions of the Trustees here, the State Superintendent and the dissent, I must, nevertheless, concur.