No. 94-598

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

CHESTER W. HANSEN, JR. and
MARY C. LANGEN-HANSEN,

      Plaintiffs and Respondents,

   -vs

GWEN ARNESEN,

      Defendant and Appellant.

FILED

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

        Edward M. Dobson, Attorney at Law, Bozeman,
Montana

     For Respondents:

        Mark Q. Schmitt, Attorney at Law, Bozeman,
Montana

Submitted on Briefs:  March 2, 1995

Decided:  April 6, 1995

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Gwen Arnesen (Arnesen) appeals from the judgment entered in favor of Chester W. Hansen, Jr., and Mary C. Langen-Hansen (the Hansens) by the Eighteenth Judicial District Court, Gallatin County. We affirm.

This case began as a relatively simple landlord-tenant dispute and became a procedural quagmire. Arnesen and her two children had been living in residential property rented from the Hansens in Bozeman, Montana. On July 20, 1991, the Hansens served her with a 30-day notice to vacate the premises, terminating the parties' lease as of September 1. Arnesen attempted to pay rent for September 1991, but her check was returned by the Hansens. When Arnesen did not timely vacate, the Hansens filed an unlawful detainer complaint in the Justice Court, Gallatin County. Arnesen ultimately filed an answer and request for a jury trial, which also included numerous numbered statements captioned counterclaims. The purported counterclaims indicated, among other things, that Arnesen was filing a complaint with the Montana Human Rights Commission alleging discriminatory housing practices by the Hansens. Arnesen also raised an affirmative defense of bad faith eviction, relying on the statutory obligation of good faith contained in § 70-24-109, MCA, and sought injunctive relief.

During an October 1991 hearing on pending motions, the Justice Court learned that Arnesen had moved from the property. Arnesen's counsel moved for dismissal of the complaint on the basis that the Hansens' unlawful detainer/holdover action had become moot. The

2

court denied the motion because other issues in the complaint remained to be resolved.

Discovery proceeded and Arnesen subsequently filed a motion for summary judgment and other motions. After briefing, the Justice Court denied Arnesen's motion for summary judgment and dismissed without prejudice her numbered counterclaims on the basis of lack of jurisdiction. A trial date was rescheduled.

The Hansens then moved for summary judgment, asserting entitlement to judgment as a matter of law on their illegal holdover claim and treble damages for Arnesen's purposeful and "not in good faith" holdover, both pursuant to § 70-24-429(1), MCA. They also sought attorney fees as a prevailing party under § 70-24-442, MCA. Arnesen filed a cross motion for summary judgment, conceding that the Hansens were entitled to the value of the contested tenancy for the period between September 1 and October 24, 1991, in the amount of $709.67; she vigorously disputed the Hansens' entitlement to treble damages under the § 70-24-429(1), MCA, lack of good faith standard and to attorney fees as the prevailing party.

The Justice Court subsequently entered judgment for the Hansens in the amount of $709.67 plus costs of $46.80. The court was not persuaded that Arnesen's holdover was purposeful and not in good faith under § 70-24-429, MCA, however, and it did not award the Hansens treble damages pursuant to that statute. The court determined that the Hansens were entitled to attorney fees pursuant to § 70-24-442, MCA, as the prevailing party. The court later

3

entered judgment for the Hansens for attorney fees in the amount of $650. Arnesen appealed to the District Court and the Justice Court file was duly transferred.

Proceedings in the District Court became somewhat convoluted, in large part because of Arnesen's repeated failure to understand the nature of the de novo proceeding in that court. Rather than further belabor the procedural history of this case by cataloging the plethora of motions filed by Arnesen, responses by the Hansens and orders of the District Court, we turn to the issues raised by Arnesen, setting forth such additional facts as are necessary to resolve each issue.

1. Is Arnesen entitled to judgment on the pleadings?

Arnesen moved the District Court for judgment on the pleadings on the basis that the Hansens had not responded to the counterclaims set forth in her answer. The District Court determined that the purported counterclaims were, for the most part, mere legal conclusions that the Hansens had violated certain laws; on that basis, it concluded that there were insufficient facts set forth in the pleadings on which it could rely in granting judgment to Arnesen as a matter of law.

Even under Montana's notice pleading rules, sufficient facts must be alleged to form the basis of claims for relief because claims must be established and proved via facts, not legal conclusions. Moreover, the party against whom a claim is pled is required to respond to pleaded factual averments by admitting or denying those averments. Rule 8(b), M.R.Civ.P.

4

Here, Arnesen's counterclaims were separately numbered and included such purported claims for relief as "1. Gwen Arnesen and her children are members of a protected class in their familial status pursuant to § 49-2-305(12), MCA, and may invoke the protection of § 49-2-305(1), MCA," and "2. The plaintiffs are unlawfully attempting to evict Gwen Arnesen and her children in violation of § 49-2-305(1), MCA." Factual averments to which the Hansens reasonably could respond by admission or denial are almost totally absent from Arnesen's "counterclaims."

In addition, a Rule 12(c), M.R.Civ.P., motion for judgment on the pleadings is premised on a court's ability to determine from the factual averments in the claim or counterclaim, and the facts admitted and denied in the response, that the moving party is entitled to judgment as a matter of law. Here again, the lack of alleged facts in the counterclaims prevented the Hansens from responding by admission or denial. On the basis of the record before us, we conclude that the District Court did not err in denying Arnesen's motion for judgment on the pleadings due to a lack of sufficient facts set forth in the pleadings.

2. Did the District Court err in denying Arnesen's motion for summary and other relief as to attorney fees?

Soon after the Justice Court file in this case was transferred to the District Court, Arnesen filed a "Petition for Review of File and Motion for Partial Summary Judgment." She requested the District Court to merely review the file as it existed and enter partial summary judgment on the issue of attorney fees in her favor. According to Arnesen, the only controversy that had

5

remained for resolution by the Justice Court was whether her holdover of the Hansens' property was purposeful and not in good faith. She had contended that she had permission to remain for at least a portion of the holdover period and, therefore, her holdover was not purposeful and lacking in good faith. Because the Justice Court had resolved that factual issue in her favor and, on that basis, refused to award the Hansens treble damages, she asserted to the District Court that she had been the prevailing party for purposes of awarding attorney fees. Thus, she requested the District Court to grant her summary judgment on the attorney fee issue.

In its order on Arnesen's petition and motion, the District Court went to great lengths to explain that it was not a "reviewing" court and that Arnesen's appeal was de novo. As the court explained, it could not merely accept the Justice Court's determination on the disputed factual issue relating to permission and lack of good faith and then enter its own legal determination about attorney fees on that basis. The court denied Arnesen's motion for partial summary judgment "at this time" because none of the facts of the case had yet been established in the District Court. In an effort to help the parties avoid more delay and expense, the court suggested that counsel might attempt to stipulate to agreed facts relating to the underlying merits of the case in order to provide a basis for later motions for summary judgment or partial summary judgment on the attorney fees issue.

Thereafter, the parties filed a "Stipulation of the Parties,"

6

followed by cross motions for summary judgment on the issue of entitlement to attorney fees. The District Court determined that the stipulation was nothing more than a recitation of the procedure in the Justice Court and did not establish sufficient agreed facts regarding the Hansens' unlawful detainer action and Arnesen's counterclaim for unlawful ouster. The court again explained that, on de novo appeal, all necessary facts had to be established in the District Court in order to provide a basis for decision by that court. For the reasons stated, the court denied the cross motions for summary judgment.

Arnesen advances several errors related to the District Court's rejection of the stipulation and denial of her subsequent motion for summary judgment on the attorney fees issue. We restate her first argument as whether the stipulation provided a sufficient factual basis regarding the Hansens' and Arnesen's underlying claims--for unlawful detainer and unlawful ouster, respectively-- for the court to determine a prevailing party for attorney fees purposes as a matter of law.

Arnesen appealed to the District Court pursuant to § 25-33-301, MCA, which provides for appeals de novo from justice court. We recently determined that, under the de novo approach to such appeals, "a district court must conduct the proceedings before it as if the case had originated in that court, following all statutes and rules governing district court proceedings." Rickett v. City of Billings (1993), 262 Mont. 339, 340, 864 P.2d 793, 794.

Here, the parties' substantive underlying claims against each

other included factual issues of "good faith" under §§ 70-24-429 and 70-24-109, MCA; encompassed in these issues was Arnesen's claim that the Hansens had consented, at least in part, to her holdover tenancy. It is clear that only after the District Court resolved the underlying factual claims de novo could it determine the matter of entitlement to attorney fees as the prevailing party under § 70-24-442, MCA.

In pertinent part, the stipulation submitted by the Hansens and Arnesen stated:

[T]he following facts are not in dispute[:]

. . . .

5. . . . The parties have differing beliefs concerning the diligence with which [Arnesen] proceeded [in locating other housing]. Both parties perceived that the other lacked good faith.

. . . .

7. The parties have differing beliefs as to whether there was an agreement to extend occupancy beyond the original termination date.

It is clear from these so-called "facts" that the parties had not agreed upon the factual issues requiring resolution before the court could determine a prevailing party for purposes of awarding attorney fees under § 70-24-442, MCA. On this basis, we conclude that the District Court was correct in determining that the stipulation did not provide a sufficient factual basis on which it could determine the prevailing party issue.

Arnesen's other assertions of error with regard to her motions for summary relief fail for the same reasons, since all are premised on the court's purported ability to determine the

prevailing party and attorney fees issue prior to the court having determined the disputed facts regarding good faith. The District Court's repeated efforts to explain why it could not do so fell on deaf or uncomprehending ears and it is not necessary for this Court to repeat those explanations with regard to each related error Arnesen asserts. We conclude that Arnesen has not established any error in the District Court's denial of summary and other relief as to attorney fees.

3. Did the District Court err in denying Arnesen's motion in limine?

Arnesen filed a motion in limine seeking to exclude all evidence except that relating to an award of costs and attorney fees. The District Court denied the motion.

This motion is yet another example of Arnesen's repeated efforts to limit the District Court's consideration of the case to entitlement to attorney fees as the prevailing party pursuant to § 70-24-442, MCA. Again, she sought to rely on the Justice Court's resolution of the "bad faith" holdover issue in her favor and totally failed to understand or accept that the District Court could not determine the prevailing party issue until it determined the merits of the underlying claims de novo.

Given our discussion in issue 2, further discussion of Arnesen's arguments regarding this issue is unnecessary. We conclude that the District Court did not err in denying Arnesen's motion in limine.

4. Did the District Court abuse its discretion in admitting plaintiff's exhibit 4 and testimony regarding statements allegedly made by Richard Arnesen?

9

The Hansens' exhibit 4, a letter written to them by Arnesen's counsel, was admitted over Arnesen's relevancy objection as a statement of Arnesen's agent. The Hansens used the exhibit to present and argue Arnesen's bad faith to the jury. Arnesen advances a variety of grounds on which she contends the letter was inadmissible.

Similarly, Mr. Hansen was permitted to testify regarding telephonic statements made to him by Arnesen's father, Richard Arnesen. This testimony, too, was utilized by the Hansens with regard to their claim that Arnesen's holdover tenancy was not in good faith.

We will overturn a district court's evidentiary rulings only on a showing of abuse of discretion. State v. Passama (1993), 261 Mont. 338, 341, 863 P.2d 378, 380. However, even if error is found, we will not reverse a district court if the error is harmless in that it does not affect the complaining party's substantial rights. Rule 61, M.R.Civ.P.

Here, the purpose for which the evidence was introduced was to enhance the Hansens' claim that Arnesen's holdover was purposeful and not in good faith and, as a result, that they were entitled to treble damages pursuant to § 70-24-429(1), MCA. Because the jury ultimately decided that issue in Arnesen's favor, admission of the evidence did not affect Arnesen's substantial rights. Thus, we conclude that any error in admitting the evidence was harmless.

> 5. Did the District Court abuse its discretion in refusing Arnesen's proposed instruction 12 and in giving special verdict paragraph 1?

10

It is reversible error for a court to refuse to instruct the jury on an important part of a party's theory of the case. Buhr on Behalf of Lloyd v. Flathead County (Mont. 1994), 886 P.2d 381, 388, 51 St.Rep. 1258, 1263 (citation omitted). However, in examining whether certain instructions were properly given or refused, we consider the instructions in their entirety and the evidence introduced at trial. Buhr, 886 P.2d at 388.

Arnesen proposed instruction 12 to address the question of whether the Hansens consented to her holdover occupancy for any period of time during the holdover period and, if so, the legal effect of a consent given at different times and thereafter withdrawn. The Hansens objected to the proposed instruction as confusing and, on that basis, the District Court refused it. Arnesen contends that the matters addressed in proposed instruction 12 were critical components of her "no bad faith" defense to the Hansens' holdover claim and entitlement to statutory attorney fees and that the refusal prejudiced her case.

We agree with the District Court's reasoning that proposed instruction 12 would have confused the jury unnecessarily. The instruction interspersed numerous fact-based "if you find" directions regarding consent with alternative follow-up determinations to be made under various statutes and legal principles.

Moreover, Arnesen concedes, and the record is clear, that the court suggested straightforward language which appropriately could be given as a substitute for the refused instruction. Arnesen

complains that the substitute language was not given. The record reflects that the District Court placed responsibility for a redrafted instruction on Arnesen:

> THE COURT: . . . So, you can construct [Defendant's Instruction 12A incorporating the court's suggested language] when you get done here. I'll make a note of that. An instruction concerning consent by landlords to continued occupancy.
>
> . . . .
>
> THE COURT: Okay, if you will do your work here Mr. Dobson, my secretary will type it up.
>
> . . . .
>
> THE COURT: All right, when you get it done bring it in and I will put them together and I'll put them in a book and then we'll come back on the record and finalize the set. . . .

Nothing in the record indicates that Arnesen was dissatisfied with the substitute language suggested by the court and the transcript is silent thereafter as to further settling of instructions. The record does reflect, however, that the court ultimately gave an instruction numbered Defendant's 12A as the court's Instruction 9. On the basis of the record before us, we must conclude that Defendant's 12A was given as Arnesen's own reconstruction of the refused instruction and that, in Arnesen's view, it properly tendered the case to the jury. We conclude, therefore, that the District Court did not err in refusing Arnesen's proposed instruction 12 and that Arnesen may not now complain about the consent-related instruction given by the court.

With regard to the special verdict form, Arnesen's argument is an outgrowth of her contention that the court erred regarding

12

proposed instruction 12. For that reason and given our conclusion regarding the instruction, her argument concerning the special verdict form needs no discussion. We add only that the record does not reflect any objection to the District Court's special verdict form despite the court's invitation to counsel to study it overnight and propose changes. We conclude that the District Court did not abuse its discretion in including paragraph 1 in the special verdict form.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

13