NO.   95-409

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE THE MARRIAGE OF

VALLINA R. OSTREM,

     Petitioner and Respondent,

  and

ROBERT B. HOLSTON, JR.,

     Respondent and Appellant.

FILED

MAY 06 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Ninth Judicial District,
               In and for the County of Toole,
               The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Robert G. Olson; Frisbee, Moore & Olson,
          Cut Bank, Montana

     For Respondent:

          Daniel L. Falcon, Attorney at Law,
          Great Falls, Montana

Submitted on Briefs:  February 1, 1996

Decided:  May 6, 1996

Filed:

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

Appellant Robert B. Holston, Jr. (Robert) appeals the decision of the Ninth Judicial District Court, Toole County, granting and subsequently extending an order which temporarily enjoined him from approaching Respondent Vallina R. Ostrem (Vallina) and the parties' minor son.

Affirmed.

Robert and Vallina were divorced in 1982 and have two sons, both of whom reside with their mother and the elder of whom attained his majority during the course of the proceedings now appealed. Vallina and the boys live in the Shelby area, and Robert temporarily moved to Shelby in 1994. Because Vallina felt Robert was unnecessarily and purposely disturbing her and their sons, she obtained a preliminary injunction against him from the Toole County Justice Court.

Robert appealed the issuance of the preliminary injunction to the Ninth Judicial District Court, Toole County, alleging that the affidavit used to obtain the injunction was statutorily insufficient. He therefore moved that the preliminary injunction

2

be dismissed. The District court denied this motion and subsequently held a partial hearing regarding whether an injunction was appropriate in this case. During the hearing, both parties stipulated to the continuance of the injunction, with modifications, for a period of ninety days.

At the end of that period, Vallina moved the District Court to extend the effective period of the injunction, and Robert again raised his objection that the affidavit which had been the basis for the Justice Court's preliminary injunction was insufficient. The District Court extended the injunction for an additional six months, and Robert appeals.

The grant or denial of a preliminary injunction is a discretionary ruling which will not be disturbed on appeal except where there is a manifest abuse of discretion by the district court. Van Loan v. Van Loan (1995), 271 Mont. 176, 178-79, 895 P.2d 614, 615 (citing Atkinson v. Roosevelt County (1923), 66 Mont. 411, 214 P. 74).

Robert here argues, as he did in the District Court, that the affidavit underlying the preliminary injunction issued by the Justice Court was insufficient and, therefore, a preliminary injunction should never have issued on that basis. Since the original injunction was flawed, he argues that the District Court should have dismissed it and that the District Court's extension of it was reversible error. However, we need not to address the issue of the sufficiency of the Justice Court's affidavit since, flawed

or not, the affidavit was not the basis for the District Court's issuance of its own preliminary injunction.

Section 25-33-301, MCA, provides:

> All appeals from justices' or city courts must be tried anew in the district court on the papers filed in the justice's or city court unless the court, for good cause shown and on such terms as may be just, allow other or amended pleadings to be filed in such action. .

Section 25-33-301(1), MCA. We have repeatedly held that, under the above statute, a trial de novo in the district court is an appellant's exclusive remedy from a justice court's proceedings. Rickett v. City of Billings (1993), 262 Mont. 339, 340, 864 P.2d 793, 794. See also Adair v. Lake County Justice Court (1984), 213 Mont. 466, 692 P.2d 13; City of Hardin v. Myers (1981), 194 Mont. 248, 633 P.2d 677. Therefore, the function of the District Court in this case was not to evaluate the propriety of the procedure employed by the Justice Court but, rather, to decide de novo whether a preliminary injunction was appropriate.

The issuance of the preliminary injunction by the District Court was based on the stipulation of the parties that a modified preliminary injunction was acceptable and appropriate. It is that stipulation, and not the earlier affidavit, which formed the basis for the injunction issued by the District Court. Therefore, the issue Robert asks us to address--whether the Justice Court affidavit was procedurally sufficient--is neither material nor within our jurisdiction. "[T]he Supreme Court does not have appellate jurisdiction to review orders of the justice court." Adair, 692 P.2d at 13-14.

4

Because Robert stipulated to the preliminary injunction issued by the District Court, he will not be heard now to question its validity.

Order affirmed

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

5