No. 96-687

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


IN RE THE MATTER OF THE
DRIVER'S LICENSE OF
CHRISTOPHER T. ANDERSON,

Petitioner and Appellant,

v.

DEPARTMENT OF JUSTICE,

Respondent and Respondent.


APPEAL FROM:District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Terry L. Seiffert, Attorney at Law, Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General
Pamela P. Collins, Ass't Attorney General, Helena, Montana

Dennis Paxinos, Yellowstone County Attorney
Brent Brooks, Deputy County Attorney, Billings, Montana


Submitted on Briefs: May 8, 1997

Decided:   August 1, 1997
Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Christopher T. Anderson (Anderson) appeals from the order of the Thirteenth Judicial District Court, Yellowstone County, which denied his petition challenging the declaration by the Montana Department of Justice (Department) that he is a habitual traffic offender and the Department's revocation of his driver's license. We reverse and remand.

The sole issue before us is whether the District Court erred in denying Anderson's petition.

On or about May 7, 1996, the Department notified Anderson that, according to its records, he had accumulated 30 or more conviction points related to the use or operation of a motor vehicle within a 3-year period. The records reflected convictions for driving under the influence of alcohol (DUI) on September 20, 1995, November 27, 1995, and April 11, 1996. Each DUI conviction was assigned 10 conviction points.

Under such a circumstance, the Department is required to declare the driver a habitual traffic offender and to revoke the person's driver's license for 3 years. The notification so advised Anderson, and also advised that he could challenge the declaration and revocation by petitioning the district court in the county of his residence within 30 days.

Anderson timely filed a petition in the District Court challenging the Department's actions. He contended that the purported DUI conviction on April 11, 1996, was erroneous because his conviction date for that DUI was November 14, 1991. As a result, Anderson argued that he had not accumulated 30 or more conviction points within a 3-year period under 61-11-203(2), MCA, and the Department's habitual traffic offender declaration and driver's license revocation were invalid.

The District Court ordered the parties to submit an agreed statement of facts and memoranda of law. After the parties complied, the District Court entered its order denying Anderson's petition. Anderson appeals.

Did the District Court err in denying Anderson's petition challenging the Department's declaration that he is a habitual traffic offender and its revocation of his driver's license?

In Montana, a habitual traffic offender is a person who, within a 3-year period, accumulates 30 or more "conviction" points relating to the use or operation of a motor vehicle. Section 61-11-203(2), MCA. " 'Conviction' means a finding of guilt by duly constituted judicial authority. . . ." Section 61-11-203(1), MCA. In the case presently before us, it is clear that if Anderson was convicted of DUI on November 14, 1991, rather than on April 11, 1996, he did not accumulate sufficient conviction points

within a 3-year period to support the Department's declaration that he is a habitual traffic offender and revocation of his driver's license. Thus, it is necessary to carefully scrutinize the record before us to determine the correct conviction date.

According to the record, Anderson was arrested on the DUI charge at issue on October 26, 1991, found guilty by the Billings City Court (City Court) on November 14, 1991, and sentenced on the same date. He appealed to the district court where, for unknown reasons, the case languished. On April 11, 1996, the district court signed an order, based on a stipulation by the parties, dismissing the appeal and remanding to the City Court for final imposition of sentence. The abstract of record relating to proceedings on remand in the City Court, signed by the Clerk of the City Court and dated April 30, 1996, is the only document before us relating to those proceedings. The Clerk wrote in "4-11-96" after "date of conviction" and checked boxes captioned "found guilty" and "judge."

The Department's declaration that Anderson is a habitual traffic offender is based on its contention that Anderson had an "April 11, 1996, conviction." That contention is premised entirely on the district court's April 11, 1996, order dismissing Anderson's appeal and remanding for final imposition of sentence, and the abstract of record from the City Court containing an identical conviction date. The problem is that, on this record, no "duly constituted judicial authority" found Anderson guilty of DUI on that date and, as a result, no conviction occurred at that time. See 61-11-203(1), MCA.

First, it is important to recall that the City Court convicted Anderson of--and sentenced him on--the DUI at issue on November 14, 1991. Anderson appealed for a trial de novo, but the district court ultimately dismissed his appeal from that conviction pursuant to the parties' stipulation and remanded for final imposition of sentence. The district court did not find Anderson guilty of DUI and, thus, did not "convict" him as defined in 61-11-203(1), MCA, on April 11, 1996.

With regard to the abstract of record concerning the remand to the City Court, it is clear that the abstract reflects a conviction date of April 11, 1996, and indicates "found guilty" and "judge." It is equally clear, however, that the City Court had no statutory authority to find Anderson guilty again, at that time, of the offense for which it had already convicted and sentenced him in November of 1991. Nor does the Department cite to any case law under which such authority would exist.

Moreover, the district court's dismissal of Anderson's appeal remanded to the City Court only for imposition of sentence already pronounced. While we prohibited such a remand in Rickett v. City of Billings (1993), 262 Mont. 339, 864 P.2d 793, that case is

inapplicable here.  In Rickett, the pro se defendant appealed a city court conviction to the district court and then failed to appear for a scheduled omnibus hearing.  Based on her failure to appear, the district court determined that the defendant had waived her appeal and remanded to the city court for imposition and/or execution of that court's sentence.  Rickett, 864 P.2d at 794.  We determined that the district court's options in response to a failure to appear were limited to those set forth in  46-16-122(2), MCA, and, as a result, we held that the district court exceeded its authority in remanding to the city court for imposition or execution of sentence.  Rickett, 864 P.2d at 794-95.  Here, the parties stipulated to the dismissal of Anderson's appeal to the district court and its remand to the City Court for final imposition of sentence.  Nothing in Rickett precludes a remand under this factual scenario.We conclude that the records on which the Department relied in declaring Anderson a habitual traffic offender and revoking his driver's license incorrectly reflected an April 11, 1996, DUI conviction and, as a result, Anderson did not accumulate 30 conviction points within a 3-year period.  On that basis, we further conclude that the Department improperly declared Anderson a habitual traffic offender and revoked his driver's license.

The Department contends that Anderson is attempting to collaterally attack his April 11, 1996, conviction in this proceeding challenging a habitual traffic offender declaration and correctly cites to State ex rel. Majerus v. Carter (1984), 214 Mont. 272, 278-80, 693 P.2d 501, 504-505, as authority for the proposition that he cannot collaterally attack a conviction at this time.  The Department's position, however, is premised on its theory that a conviction occurred on April 11, 1996.  As we concluded above, that theory is incorrect.

Moreover, while Majerus prohibits efforts to refute underlying charges or dispute the propriety of underlying convictions in a habitual traffic offender proceeding by collaterally attacking those convictions (Majerus, 693 P.2d at 504-505), Anderson is not attempting to do so here.  Rather, Anderson is disputing the accuracy of the records regarding the alleged April 11, 1996, conviction on which the Department's declaration and revocation were based; that is, Anderson questions only whether the records on which the Department relied correctly reflected a DUI conviction on April 11, 1996.  Section 61-11-210(3), MCA, and Majerus, 693 P.2d at 504-505, expressly authorize him to do so.

We hold that the District Court erred in denying Anderson's petition challenging the Department's declaration that he is a habitual traffic offender and its revocation of his driver's license.

Reversed and remanded for further proceedings consistent with this opinion.

/S/   KARLA M. GRAY

We concur:

/S/   WILLIAM E. HUNT, SR.
/S/   JIM REGNIER
/S/   JAMES C. NELSON
/S/   W. WILLIAM LEAPHART