No. 03-780

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 169

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

RONALD ALLEN CLARK,

        Defendant and Appellant.


APPEAL FROM:    The District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 2002-125,
Honorable Mark L. Guenther, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

          Mariah Eastman and Matthew C. Claus, Public Defender
Office, Bozeman, Montana

      For Respondent:

          Honorable Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

          Paul Luwe, City Attorney; Susan L. Wordal, Deputy City Attorney,
Bozeman, Montana


                        Submitted on Briefs:  December 15, 2004

                                Decided:  June 29, 2005


Filed:

               _____
                         Clerk
Justice Jim Rice delivered the Opinion of the Court.

1

¶1     Ronald Allen Clark (Clark) appeals from an order entered by the Eighteenth Judicial District Court, Gallatin County, on August 19, 2003, affirming the Bozeman Municipal Court's decision to conduct his trial in absentia.  We affirm.

¶2     We address the following issue:

¶3     Did the District Court err in affirming the Municipal Court's decision to conduct Clark's trial in absentia pursuant to § 46-16-122, MCA?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4     On December 5, 2001, Clark was arrested for careless driving, resisting arrest, obstructing a peace officer, operating a motor vehicle with no liability insurance, operating a motor vehicle while privilege suspended, theft by possession of stolen property, operating a motor vehicle with plates assigned to another, obscuring the identity of a machine, and negligent endangerment.

¶5     At arraignment on December 13, 2001, Clark entered pleas of not guilty to all offenses, and the Municipal Court scheduled a trial date for either May 7, 2002, or May 17, 2002, with May 7 subsequently being confirmed as the trial date.  On April 16, 2002, Clark provided notice to the court that he was prepared to proceed to trial on May 7, 2002.  However, on May 2, 2002, Clark requested a continuance, citing pain and discomfort from the gout that was affecting his foot and leg.  The State objected, arguing that Clark had a history of continuing trials on the basis of a physical ailment.  The following day, the Municipal Court issued an order denying the continuance.  The court stated Clark's gout did

2

not prevent him from participating in the trial, and he would be excused only if a licensed physician verified his inability to be present at trial.

¶6 On May 7, 2002, the day of trial, Clark checked himself into the Bozeman Deaconess Hospital, complaining of chest pains. The Honorable Patricia Carlson (Judge Carlson), who presided over the trial, was advised by her law clerk, Megan Lundberg (Lundberg), that a nurse had called the court regarding Clark's admission, that hospital staff had been unable to verify his physical complaints, and that he would be released. The nurse, who had inquired what to advise Clark about reporting to court, was told by Lundberg, as instructed by Judge Carlson, to advise Clark to do whatever he wanted, as he knew when the trial was, and that it was now progressing. The court held a sidebar conference with counsel to inform them of this development, whereupon Clark's attorney Peter Ohman (Ohman) had a private telephone conversation with Clark. Following the conversation and before jury selection, Judge Carlson put the subject of Clark's absence on the record, and decided to proceed with the trial in absentia.

¶7 The jury returned guilty verdicts on all but two charges. Subsequently, the court pronounced sentence and issued an arrest warrant for Clark. On May 21, 2002, Clark filed a Notice of Appeal and requested a stay of sentence, which the Municipal Court denied. Clark was released on his own recognizance, with conditions, on June 4, 2002, by the District Court. On August 19, 2003, the District Court entered an order affirming the Municipal Court's decision to continue the trial in absentia. Clark appeals therefrom.

**STANDARD OF REVIEW**

3

¶8 Appeals to district court from municipal court are limited to record reviews and questions of law. A "district court may affirm, reverse, or amend any appealed order or judgment . . . ." Section 3-6-110, MCA. "The scope of a district court's review is a question of law because its power to review a municipal court's decision is provided pursuant to § 3-6-110, MCA." *City of Missoula v. Robertson*, 2000 MT 52, ¶ 14, 298 Mont. 419, ¶ 14, 998 P.2d 144, ¶ 14. "This Court reviews legal conclusions to determine whether the district court's interpretation of the law is correct." *Bi-Lo Foods, Inc. v. Alpine Bank, Clifton,* 1998 MT 40, ¶ 14, 287 Mont. 367, ¶ 14, 955 P.2d 154, ¶ 14.

**DISCUSSION**

¶9 ***Did the District Court err in affirming the Municipal Court's decision to conduct Clark's trial in absentia pursuant to § 46-16-122, MCA?***

¶10 In the District Court, Clark argued that the Municipal Court's decision to try him in absentia should be reversed and the matter remanded for a trial wherein he would have an opportunity to be present. Section 46-16-122, MCA, governs the trial of a defendant in absentia in a misdemeanor case, and provides, in pertinent part:

> (1) In a misdemeanor case, if the defendant fails to appear in person, either at the time set for the trial or at any time during the course of the trial and if the defendant's counsel is authorized to act on the defendant's behalf, the court shall proceed with the trial unless good cause for continuance exists.
> (2) If the defendant's counsel is not authorized to act on the defendant's behalf as provided in subsection (1) or if the defendant is not represented by counsel, the court, in its discretion, may do one or more of the following:
> (a) order a continuance;
> (b) order bail forfeited;
> (c) issue an arrest warrant; or

4

(d) proceed with the trial after finding that the defendant had knowledge of the trial date and is voluntarily absent.

¶11 The parties agree that Ohman was not authorized to act on Clark's behalf, and, therefore, § 46-16-122(1), MCA, is inapplicable and § 46-16-122(2), MCA, is at issue. Subsection (2) sets forth the court's options when defense counsel is not authorized to act on an absent defendant's behalf. A court's options in response to a defendant's failure to appear are limited to those set forth in this statute. *See Anderson v. Department of Justice* (1997), 284 Mont. 109, 112, 943 P.2d 978, 980 (citing *Rickett v. City of Billings* (1993), 262 Mont. 339, 864 P.2d 793).

¶12 Noting a criminal defendant's constitutional right of confrontation under Article II, Section 24, of the Montana Constitution, and the Sixth Amendment to the United States Constitution, Clark contends a trial court should exercise its discretion under § 46-16-122, MCA, in consideration of these rights. He argues the trial court abused this discretion by basing its decision upon information not in the record, and by allowing the trial to proceed without a sufficient factual determination about Clark's medical condition and his ability to be present at trial.

¶13 The State responds that the Municipal Court was not required pursuant to § 46-16-122(2), MCA, to conduct an on-the-record inquiry into the factual basis of Clark's medical condition before determining that Clark's absence was voluntary and conducting the trial in absentia. The State argues that, in light of Clark's history of absences, the court imposed a reasonable condition requiring written verification from a doctor regarding Clark's medical

5

condition. In the absence of such verification, the Municipal Court was justified in determining that Clark's absence was voluntary and unrelated to any valid medical condition.

¶14 For the trial court to proceed with a trial in the absence of the defendant, the court must find "that the defendant had knowledge of the trial date and is voluntarily absent." Section 46-16-122(2)(d), MCA. It is uncontested that Clark had knowledge of his trial date, evident from his April 16, 2002, notice to the court that he was aware of and also prepared for trial on May 7, 2002. Therefore, the issue becomes whether Clark was voluntarily absent.

¶15 We note initially that a defendant can waive this fundamental right to be present at trial in two ways: (1) failing to appear, or (2) through an express personal waiver. *State v. McCarthy*, 2004 MT 312, ¶ 32, 324 Mont. 1, ¶ 32, 101 P.3d 288, ¶ 32 (citing *State v. Tapson*, 2001 MT 292, ¶ 24, 307 Mont. 428, ¶ 24, 41 P.3d 305, ¶ 24). Here, the court found that Clark waived his fundamental right to be present by admitting himself to the hospital unnecessarily and not appearing in court.

¶16 Although Clark argues the Municipal Court should have conducted an on-the-record inquiry into the factual basis of Clark's absences, neither § 46-16-122, MCA, nor case law require such fact finding prior to conducting a trial in absentia. Prior to trial, Clark was advised that any absence for claimed medical reasons not accompanied by verification by a physician would be considered a voluntary absence. Despite this advance warning, Clark chose to admit himself to the hospital on the day of trial and failed to appear at trial when

6

hospital staff did not verify his complaints. Clark failed to provide a medical record, a doctor's phone call, or any verification of his ailment.

¶17 We conclude that the District Court did not err by affirming the Municipal Court's decision to proceed with the trial in absentia pursuant to § 46-16-122, MCA, after finding that Clark was voluntarily absent, and that Clark's constitutional trial rights were not infringed.

¶18 Affirmed.

/S/ JIM RICE

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER