NO.   95-431

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

FILED

MAY 29 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

LARRY R. LACOCK,

      Plaintiff and Appellant,

   v.

4B's RESTAURANTS, INC.,
a Montana Corporation,

      Defendant and Respondent.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         Harold H. Harrison, Attorney at Law, Helena, Montana

         Gene A. Picotte, Attorney at Law, Helena, Montana

      For Respondent:

         Larry E. Riley, Susan P. Roy; Garlington, Lohn
& Robinson, Missoula, Montana

Submitted on Briefs:   February 8, 1996

Decided:   May 29, 1996

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Appellant, Larry R. Lacock (Lacock) appeals from the jury verdict of the Fourth Judicial District Court, Missoula County, concluding that negligence on the part of defendant, 4B's Restaurant (4B's), was not the proximate cause of Lacock's damages. We reverse.

The dispositive issue on appeal is whether the District Court abused its discretion in giving the jury an instruction on proximate cause which omitted the last sentence of Montana Pattern Instruction No. 2.06.

## BACKGROUND

In the early morning of February 27, 1990, Lacock patronized the 4B's restaurant on East Broadway in Missoula, Montana. The only other patron, Clifford Harper, shot and killed the janitor of the 4B's and shot and wounded Lacock. Lacock brought a claim against 4B's alleging that 4B's negligence was responsible for his injuries. Lacock claimed that 4B's should have foreseen and prevented the shooting. After a six-day trial, the jury returned a verdict in favor of 4B's. The District Court denied Lacock's motion for a new trial. Lacock appeals from this determination.

## DISCUSSION

On appeal Lacock raises twenty issues, however, we will address only the following dispositive issue:

> Did the District Court abused its discretion in giving a jury instruction on proximate cause which omitted the last sentence of Montana Pattern Instruction No. 2.06?

Lacock offered the following instruction based on Montana Pattern Instruction (MPI) No. 2.06 on negligence and proximate cause:

> The Defendant is liable if its negligence was a cause of fact and a proximate cause of plaintiff's injury. The Defendant's conduct is a proximate cause of the Plaintiff's injury if it appears from the facts and circumstances surrounding the incident that an ordinarily prudent person could have foreseen that injury to someone situated as Plaintiff was would [sic] be a natural and probable consequence of the conduct. *However, the* specific injury *[that]* actually *occurred need* not *have* been *foreseen.* [Emphasis added.]

4B's objected to this instruction on two grounds. First, 4B's argued that the last sentence was misleading. Second, 4B's asserted that the instruction 4B's offered on proximate cause, which excluded the final sentence, was a correct and complete statement of the law taken directly from Kitchen Krafters, Inc. v. Eastside Bank of Montana (1990), 242 Mont. 155, 169, 789 P.2d 567, *575.* The court agreed and gave the following Instruction No. 14, as proposed by 4B's:

> Causation, for purposes of legal liability, consists of two elements - cause in fact and proximate cause. Defendant's conduct is a cause in fact if it helped produce the damage to Plaintiff and if the damage would not have occurred without it. In addition, for Defendant's conduct to be the proximate cause of Plaintiff's injury, it must appear from the facts and circumstances surrounding Defendant's act that it, as an ordinarily prudent person, could have foreseen that the injury would be the natural and probable consequence of the wrongful act. Both elements of causation must be established by Plaintiff by a preponderance of the evidence.

Thus, the last sentence in MPI No. 2.06 which states: "However, the specific injury that actually occurred need not have been foreseen," was not given to the jury. Lacock argues that this

sentence is essential to a correct statement of the law and without it the jury was instructed that, in order to prevail on liability, Lacock had to prove that 4B's could foresee the specific injury that actually occurred. 4B's asserts that Instruction No. 15 cured any error in Instruction No. 14. Instruction No. 15, as given to the jury, states:

> Proximate cause is analyzed in terms of foreseeability. The Defendant is not liable for the independent intervening act of another if such act was not reasonably foreseeable. In order to impose liability on the 4B's, you must determine that the *4B's reasonably should have foreseen the sequence of* events *leading* to *the Plaintiff's injuries.* [Emphasis added.]

Clearly, Instruction No. 15 does not cure the court's failure to instruct that "the specific injury that actually occurred need not have been foreseen." MPI 2.06. To the contrary, it compounds the problem by instructing the jury that the sequence of events leading to Lacock's specific injury should have been foreseen.

Our standard of review for discretionary trial court rulings is whether the district court abused its discretion. Ganz v. U.S. Cycling Federation (1995), 273 Mont. 360, 367, 903 P.2d 212, 216; Barthule v. Kannan (1994), 268 Mont. 477, 487, 886 P.2d 971, 977. We have held that a district court has discretion regarding the instructions it gives or refuses to give a jury and that we will not reverse a district court on the basis of its instructions absent an abuse of discretion. Cechovic v. Hardin & Assocs. (1995), 273 Mont. 104, 116, 902 P.2d 520, 527. When we examine whether jury instructions were properly given or refused, we consider the instructions in their entirety, as well as in

4

connection with the other instructions given and the evidence at trial. Story v. City of Bozeman (1993), 259 Mont. 207, 222, 856 P.2d 202, 211. It is not reversible error for a district court to refuse an offered instruction unless the refusal affects the substantial rights of the party who proposed the instruction. Ganz, 903 P.2d at 216; Barthule, 886 P.2d at 977.

In the instant case, we determine that the District Court's elimination of the final sentence from MPI 2.06 did affect Lacock's substantial rights. Considering Instruction No. 14 in conjunction with Instruction No. 15, the District Court essentially instructed the jury that in order to find liability it had to find that 4B's foresaw the particular injury to Lacock. In other words, to prove 4B's liability, Lacock would have to prove that 4B's failed to act, despite the fact that it could foresee specific injury to Lacock as a result of its inaction. Such proof would be tantamount to proving intentional rather than negligent conduct. That is, that 4B's failed to act knowing full well that its inaction would injure Lacock in a particular manner. Montana law does not support such a narrow instruction on foreseeability.

While 4B's characterization of the holding of <u>Kitchen Krafters</u> is not incorrect, it is an incomplete characterization of Montana law on proximate cause. In <u>Kitchen Krafters</u> we determined that a proper instruction on proximate cause should be worded as follows:

> In order for the defendant's negligence (failure to disclose) to be the proximate cause of the plaintiff's injury, it must appear from the facts and circumstances surrounding the accident [the nondisclosure] that the *defendant as an ordinarily prudent person, could have foreseen that the plaintiff's injurywouldbe the natural*

5

*and probable consequence of the wrongful act.* [Emphasis added.]

Kitchen Krafters, 789 P.2d at 575.

However, Kitchen Krafters must be read in conjunction with §
27-1-317, MCA, which provides that:

> For the breach of an obligation not arising from
> contract, the measure of damages, except where otherwise
> expressly provided by this code, is the amount which will
> compensate for all the detriment proximately caused
> thereby, *whether it could have been* anticipated or *not.*
> [Emphasis added.]

The last sentence in MPI 2.06 reflects the statutory proposition
that the specific injury to a plaintiff need not have been
anticipated or foreseen. In the interest of coordinating Kitchen
Krafters and § 27-1-317, MCA, the Commission on Civil Jury
Instructions added the last sentence in MPI 2.06, "[h]owever, the
specific injury that actually occurred need not have been
foreseen." This sentence is crucial in incorporating the meaning
and intent of § 27-1-317, MCA. Without the last sentence of MPI
2.06 the jury will, as here, mistakenly be led to believe that the
defendant, in order to be held liable, must foresee the specific
injury to the plaintiff.

Recently, in Busta v. Columbus Hosp. Corp. (Mont. No. 95-050,
decided May 10, 1996) we clarified the law in Montana regarding the
role of foreseeability in the law of negligence. The instant case
must be retried pursuant to our holding in Busta. See Galarneau v.
Porter (Mont. 1996), 911 P.2d 1143, 1149-50, 53 St.Rep. 99, 102-03
(concerning the retroactivity of judicial decisions). In Busta, we
held that foreseeability should be addressed as an element of duty

6

and not as an element of causation.  Busta does, however, carve an exception for addressing foreseeability in cases in which an intervening cause is alleged.  In intervening cause cases, it will be necessary for the court to discuss foreseeability in the course of explaining to the jury which intervening causes sever the chain of causation and which do not.  In doing so, it will be necessary to instruct the jury consistently with the provisions of § 27-1-317, MCA, that is, that the specific injury to a plaintiff need not have been foreseen.

Here, the instruction offered by Lacock, and specifically the last sentence of MPI 2.06, was objected to by 4B's and withdrawn by the court.  An instruction that was neither a Montana Pattern Instruction nor the exact wording from Kitchen Krafters was given. The deletion of the last sentence of MPI 2.06 was not cured by the content of other instructions, rather, its absence was exacerbated by the wording of Instruction No. 15.  We hold that giving a intervening cause instruction without advising the jury that "the specific injury that actually occurred need not have been foreseen" amounted to an incomplete and misleading instruction on the law. The failure to instruct that a defendant can be liable for damages whether the specific injury to the plaintiff could have been anticipated or not, affected Lacock's substantial rights, particularly since the jury found that 4B's was negligent, that 4B's negligence was the cause in fact of Lacock's damages, but that 4B's negligence was not the proximate cause of Lacock's damages. Consequently, the District Court abused its discretion in failing

7

to instruct the jury that the specific injury that actually occurred need not have been foreseen.

Reversed and remanded for proceedings consistent with this opinion.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

8