No. 96-160

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

      Plaintiff and Respondent,

v.

WILLIAM A. COLE,

      Defendant and Appellant.

APPEAL FROM: District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      William A. Cole, Las Vegas, Nevada (pro se)

      For Respondent:

      Joseph P. Mazurek, Attorney General, Cregg Coughlin,
Assistant Attorney General, Helena, Montana; Tara
DePuy, Park County Attorney, Livingston, Montana

FILED

Filed: NOV 0 7 1996

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on ·Briefs: September 26, 1996

Decided: November 7, 1996

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

Appellant William A. Cole (Cole) appeals the jury verdict entered by the Sixth Judicial District Court, Park County, finding him guilty of one count of driving a motor vehicle while his privilege to do so was suspended or revoked and one count of operating a motor vehicle without liability insurance.

Affirmed.

Cole was charged on November 16, 1994, with driving a motor vehicle when his privilege to do so was suspended or revoked and with driving a motor vehicle without liability insurance. Cole failed to appear so trial in the Justice Court was held without him present and he was convicted of both counts. Cole claimed that he failed to appear because the Justice Court served him by mail at the wrong address and, consequently, he had no notice of the Justice Court trial. In any event, Cole appealed the Justice Court's decision to the District Court, which scheduled a trial *de novo* in the matter.

Prior to the District Court trial, Cole requested that counsel be appointed by the court to assist him. This request was denied and Cole proceeded to trial *pro se*. Cole also requested and received a jury trial. At the end of the case, Cole presented

2

eight proposed jury instructions to the District Court, all of which were rejected. Following the one-day trial, Cole was again found guilty on both counts. Cole appeals.

Cole raises the following restated issues on appeal:

1. Did the Justice Court err by sending service of process in this matter to Cole at an incorrect address?

2. Did the District Court err by refusing to appoint counsel to assist Cole in this case?

3. Did the District Court err by refusing to give Cole's proposed jury instructions?

Cole first asserts that the Justice Court erred by sending service of process to the incorrect address, thereby depriving him of actual notice of the Justice Court trial at which he was initially convicted. The State argues that this issue is moot since Cole received a trial *de novo* in the District Court. While the State does not concede that the Justice Court erred in mailing service to the address that it did, the State nevertheless argues that, even if such an error is presumed, it was cured by the trial *de novo*.

Black's Law Dictionary 435 (6th ed. 1990) defines a *de novo* trial as "[t]rying the matter anew; the same as if it had not been heard before and as if no decision had been previously rendered." (Citation omitted.) Section 46-17-311, MCA, also provides that "all cases on appeal from a justice's or city court must be tried anew in the district court . . . ." This Court has repeatedly held that a district court may not sit as a court of review over justice

3

court proceedings. See State ex rel. Wilson v. District Court of the Thirteenth Judicial District (1995), 270 Mont. 449, 451, 893 P.2d 318, 319-20; City of Billings v. McCarvel (1993), 262 Mont. 96, 101, 863 P.2d 441, 444. Therefore, a party's exclusive remedy for review of a justice court's decision is a trial *de novo* in the district court, as if the justice court proceeding had never occurred. State v. Todd (1993), 262 Mont. 108, 111, 863 P.2d 423, 426; Rickett v. City of Billings (1993), 262 Mont. 339, 340, 864 P.2d 793, 794.

Even if we were to presume that service of process was incorrectly accomplished by the Justice Court, we fail to see how this prejudiced Cole. By his own request, he was granted a jury trial *de novo* in the District Court, where the case was presented again in full and without regard to the earlier Justice Court proceeding. It is undisputed that Cole received proper service of process regarding the District Court proceeding and was present in that court to defend himself. The matter was tried anew in the District Court, as if the Justice Court trial had never occurred, and Cole has failed to show how a procedural defect present at the Justice Court proceeding prejudiced his rights at the later District Court trial.

Cole next alleges that the District Court erred by refusing to appoint counsel to assist him with the District Court trial. He asserts that, pursuant to Article II, Section 24 of the Montana Constitution, he was entitled to the assistance of counsel.

4

Article II, Section 24 of the Montana Constitution provides in part that "[i]n all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel . . . ." However, this right of the accused does not mean that, in all criminal cases, the State must provide counsel to the defendant. Section 46-8-101(3), MCA, sets out the circumstances under which the State must provide counsel:

> The defendant, if unable to employ counsel, is entitled to have counsel assigned if:
> (a) the offense charged is a felony;
> (b) the offense charged is a misdemeanor and the court desires to retain imprisonment as a sentencing option; or
> (c) the interests of justice would be served by assignment.

In this case, the offense was not a felony; the District Court did not retain imprisonment as an option for sentencing this misdemeanor conviction; and there was no showing that the interests of justice mandated the appointment of counsel. Further, the Montana Rules of Appellate Procedure require the submission of a record sufficient to enable this Court to properly review the issues raised, as well as citations to the record and to legal authority in support of the arguments presented. Rules 9 and 23, M.R.App.P. Cole has failed to meet this burden.

Cole did not include a transcript of the District Court proceeding in his appeal even though one apparently was available. Consequently, this Court does not have a complete record before it. Without a complete record, Cole fails to establish that he properly preserved this issue for appeal nor does he cite to any legal authority in support of his argument, beyond the simple recitation

5

of the pertinent constitutional provision. Because of the lack of factual or legal support of this argument and keeping in mind the presumption of propriety of the District Court's decision, we cannot ascribe error to the District Court's determination that Cole was not entitled to the assistance of court-appointed counsel.

Lastly, Cole argues that the District Court erred by refusing to give any of his proposed instructions to the jury at the close of the case.

Our standard of review of discretionary trial court rulings is whether the district court abused its discretion. The court exercises its discretion when giving, or refusing to give, specific jury instructions, and we will not reverse a district court on the basis of its instructions absent an abuse of discretion. Lacock v. 4B's Restaurants, Inc. (Mont. 1996), 919 P.2d 373, 375, 53 St.Rep. 492, 493 (citations omitted). Further, it is not error for a district court to refuse an offered instruction unless such refusal affects the substantial rights of the party proposing the instruction. A party is not prejudiced by a refusal of proposed jury instructions if the subject matter within the instructions is not supported by the pleadings, facts, or evidence of the case. Busta v. Columbus Hospital Corp. (Mont. 1996), 916 P.2d 122, 132, 53 St.Rep. 428, 436 (quoting King v. Zimmerman (1994), 266 Mont. 54, 64, 878 P.2d 895, 902).

In this case, the issues presented to the jury were whether Cole was guilty of the offenses of driving without a valid license and driving without liability insurance covering his vehicle.

6

Cole, however, desired to give instructions to the jury having no relevance to the issues presented. Specifically, Cole wanted the jury to be instructed on the following:

(1) Rule 60(b), M.R.Civ.P. (circumstances under which a final judgment may be set aside);
(2) Rules 9(b) and 9(c), M.R.Civ.P. (the pleading of fraud and the pleading of conditions precedent);
(3) Section 28-2-401, MCA (circumstances under which 'apparent consent' will be deemed not freely given);
(4) Section 28-2-402, MCA (what actions constitute duress);
(5) Section 28-2-403, MCA (what actions constitutes menace);
(6) Section 28-2-409, MCA (what constitutes a mistake of fact)
(7) Section 45-7-207, MCA (tampering with or fabricating physical evidence); and
(8) Section 45-7-208, MCA (tampering with public records or information).

Aside from asserting that the District Court erred in refusing these instructions, Cole does not specify why this refusal was error or how any of the above instruction might be relevant to his case. All the instructions proposed by Cole were entirely unconnected from the determination to be made by the jury as to whether or not he was guilty of two traffic offenses.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7