No. 97-373

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 182

JOHN L. GENTRY, individually and as Personal

Representative of the Estate of Barbara Gentry, and as

parent and next friend of Kalen Gentry and Kallie Gentry,

Plaintiff and Appellant,

v.

DOUGLAS HEREFORD RANCH, INC., a Montana Corporation;

and PARD CATTLE COMPANY, a limited liability company,

Defendants and Respondents.

APPEAL FROM: District Court of the Seventh Judicial District,

In and for the County of Wibaux,

The Honorable Dale Cox, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gary L. Zadick; Ugrin, Alexander, Zadick & Higgins; Great Falls, Montana;

and Ron Efta; Attorney at Law; Wibaux, Montana

For Respondents:

Carolyn S. Ostby; Crowley, Haughey, Hanson, Toole & Dietrich;

Billings, Montana (for Douglas Hereford Ranch)

Robert Savage; Habedank, Cumming, Best & Savage;

Sidney, Montana (for Pard Cattle Company)

Submitted on Briefs: January 15, 1998

Decided: July 21, 1998

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

**¶1 The plaintiff, John L. Gentry, brought this action in the District Court for the Seventh Judicial District in Wibaux County to recover damages from the defendants, Douglas Hereford Ranch, Inc., and Pard Cattle Company, for the wrongful death of Barbara Gentry, and for damages she sustained prior to her death. The District Court awarded summary judgment to both defendants. Gentry appeals from the District Court's order and judgment. We affirm the judgment of the District Court.**

**¶2 The issues are:**

**¶3 1. Did the District Court err when it concluded as a matter of law that the defendants were not negligent?**

**¶4 2. Did the District Court err when it concluded as a matter of law that defendant Douglas Hereford Ranch, Inc., was not vicariously liable for the negligence of Brent Bacon?**

## DISCUSSION

**¶5 Defendant Douglas Hereford Ranch, Inc., is the owner of ranch land located in Wibaux County, Montana. The principal shareholder in the ranch company is Cleone Elizabeth Douglas, the grandmother of Chris Ann Douglas who, at the time relevant to this action, was married to Brent Bacon. Defendant Pard Cattle Company was the lessee of the ranch land.**

**¶6 Sometime prior to November 5, 1994, Chris had offered to assist Cleone by painting the interior of a house known as the "new house" located on the ranch property. Chris's friend, Barbara Gentry, offered to assist her with the painting project in return for assistance Chris had previously provided to Barbara.**

**¶7 Chris and Barbara intended to paint the interior of the house on November 5, 1994. However, the previous night, or that morning, they were advised that the furnace in the house was not operating. Cleone assumed that it would simply need to be turned on. Therefore, on the morning of November 5, Brent Bacon drove from Wibaux, where the couple lived, to the ranch with the intention of first starting the furnace and then hunting for deer on the ranch property. He took with him a Marlin**

lever action 30-30 rifle and headed to the ranch in his personal vehicle.

¶7 On his way to the ranch, Brent observed a fox, loaded six or seven rounds of ammunition into the rifle magazine, "cocked in a shell," and fired one shot at the fox. He apparently missed and "cocked in a second shell," but was too late to fire a second shot. According to his statement to investigators, he then pulled the trigger and released the hammer so that the hammer was resting on a live round of ammunition. He then proceeded to the ranch, where he helped Cleone dislodge her garage door, and then visited with her for awhile. After Chris, Barbara, and several of their children arrived in the ranch pickup, he walked to the "new house," which was then unoccupied, to check on the furnace. He left his rifle in his vehicle. After repeated efforts, Brent was unable to start the furnace. So, after exchanging pleasantries with Chris and Barbara who had, by then, arrived at the "new house," he started a fire in the fireplace and announced that he was leaving to go hunting. He walked back to his car, retrieved his rifle, put a box of shells in his pocket and returned to the "new house" to get the ranch pickup which he intended to drive to the point where he would begin his hunt.

¶8 Adjoining the house was a wooden deck accessed by two wooden steps. As Brent approached the deck, he was holding his rifle on his shoulder with his right hand. He had three of his fingers on the lever and one of them on the trigger. His thumb was on the hammer. At about the time he reached the deck, Barbara exited the house to retrieve a radio from the ranch pickup. She headed in the same direction that Brent was going and did not see him. As he reached the deck and was watching her, he stumbled and fell. Sometime after he stumbled, but before he landed on the deck, his rifle discharged; the bullet struck Barbara in the head; and, after surviving for a period of sixty-nine days, she died from the head injuries she sustained when she was shot.

¶9 In a taped interview given by Brent Bacon later in the day on November 5, he was asked the following question and gave the following answer:

Q: You don't know how you slipped or . . . ?

A: I don't know how I slipped . . . .

¶10 On January 3, 1996, John L. Gentry, the personal representative and surviving

spouse of Barbara Gentry, brought this action to recover damages for her wrongful death and a survival action to recover those damages sustained by Barbara Gentry prior to her death. The ranch company, the cattle company, and Brent Bacon were all originally named as defendants. Bacon was later dismissed when he sought protection in bankruptcy court.

¶11 In his complaint, Gentry alleged that Bacon had been negligent while working for the ranch company; that the ranch company was vicariously liable for Bacon's negligence; and that the ranch company and cattle company were also negligent for allowing an unsafe and dangerous condition (the stairs to the deck and the area surrounding the stairs) to exist on the ranch property. He alleged that the combination of Bacon's negligence and the dangerous condition of the stairs contributed to cause Barbara Gentry's injuries and death.

¶12 After all three denied liability, the ranch company moved for summary judgment. That motion was later joined by the cattle company. As the basis for their motions, the defendants contended that: (1) they owed no duty to Barbara which had, in fact, been breached; (2) Barbara's injuries were neither caused in fact nor proximately caused by any condition on the ranch property; and (3) because Bacon was not an employee of the ranch company at the time that he shot Barbara, the ranch company was not vicariously liable for his conduct.

¶13 In opposition to the defendants' motions, Gentry contended that: (1) Bacon was the employee of the ranch because he was there at the request of its owner to perform repairs; (2) the loose condition of the bottom step which led to the deck, and the clutter around the step, created an inherently dangerous condition which contributed to Bacon's fall and Barbara's injury; and (3) pursuant to § 27-1-317, MCA, and *Lacock v. 4B's Restaurants, Inc.* (1996), 277 Mont. 17, 919 P.2d 373, the defendants' duty to Barbara did not depend on whether the specific circumstances of her injury were foreseeable.

¶14 The District Court granted the defendants' motions for summary judgment based on the following conclusions:

¶15 1. The District Court concluded that the defendants had no duty to Barbara because the risk of this type of accident was not foreseeable. Its opinion stated: "It is inconceivable that a person standing well away from the zone of risk would be shot."

¶16 2. The District Court concluded that no unsafe condition had been shown to exist on the defendants' property.

¶17 3. The District Court held that no evidence had been offered to prove that the condition of the steps was either the actual or proximate cause of Barbara's injuries.

¶18 4. The District Court concluded that even if the defendants were negligent, the manner in which Bacon handled his firearm was so unforeseeable that it was an intervening, superseding cause of Barbara's injuries.

¶19 5. The District Court concluded that principles of *respondeat superior* were not applicable because Bacon was not an employee of the ranch company on the date in question, and even if he had been earlier in the day, his actions at the time of Barbara's injuries were unrelated to any duties he had performed for the ranch.

¶20 This appeal followed. Because we conclude that no proof has been presented to establish that a condition on the ranch property contributed as an actual cause of Barbara's injury, and that Bacon was not acting as an employee or servant of the ranch company at the time of Barbara's injury, we will not discuss the other conclusions of the District Court, nor the other issues raised on appeal.

ISSUE 1

¶21 Did the District Court err when it concluded as a matter of law that the defendants were not negligent?

¶22 When we review appeals from an order which grants summary judgment, our review is *de novo*. We review the facts presented to the district court to determine whether, based on Rule 56, M.R.Civ.P., the prevailing party is entitled to judgment as a matter of law. *See Schmidt v. State* (Mont. 1997), 951 P.2d 23, 26, 54 St. Rep. 1321, 1322; *Jarrett v. Valley Park, Inc.* (1996), 277 Mont. 333, 338, 922 P.2d 485, 487.

¶23 In *Bruner v. Yellowstone County* (1995), 272 Mont. 261, 900 P.2d 901, we held that after the moving party demonstrates that no genuine issue of material fact exists, the burden shifts to the party opposing summary judgment to prove by more than mere denial and speculation that a genuine issue does exist. *See Bruner*, 272 Mont. at 264, 900 P.2d at 903; *see also Heiat v. Eastern Montana College* (1996), 275 Mont. 322,

**327, 912 P.2d 787, 791.**

A negligence action requires proof of four elements: (1) existence of a duty; (2) breach of the duty; (3) causation; and (4) damages. If the plaintiff fails to offer proof of one of these elements, the action in negligence fails and summary judgment in favor of the defendant is proper. *U.S. Fidelity and Guar. Co. v. Camp* (1992), 253 Mont. 64, 68, 831 P.2d 586, 589. The causation element requires proof of both cause in fact and proximate cause. *Kitchen Krafters v. Eastside Bank* (1990), 242 Mont. 155, 167-68, 789 P.2d 567, 574.

*White v. Murdock* (1994), 265 Mont. 386, 389-90, 877 P.2d 474, 476.

**¶24 We have since overruled *Kitchen Krafters* to the extent that it required proof of proximate cause in every negligence action. In *Busta v. Columbus Hospital Corp.* (1996), 276 Mont. 342, 371, 916 P.2d 122, 139, we held that:**

In those cases which do not involve issues of intervening cause, proof of causation is satisfied by proof that a party's conduct was a cause-in-fact of the damage alleged. As stated in Prosser and Keeton on Torts § 41, at 266 (5th ed. 1984), a party's conduct is a cause-in-fact of an event if "the event would not have occurred but for that conduct; conversely, the defendant's conduct is not a cause of the event, if the event would have occurred without it."

**¶25 In those cases, such as this case, where an independent intervening act is alleged, proximate cause and the attendant notion of foreseeability is still an issue. *See Estate of Strever v. Cline* (1996), 278 Mont. 165, 175, 924 P.2d 666, 672. Therefore, in this case, as we noted in *White*, proof of causation required proof of cause in fact and proof of proximate cause. We limit our discussion, however, to our conclusion that Gentry failed to prove cause in fact.**

**¶26 Gentry alleged that the ranch company and the cattle company were negligent by failing to maintain the stairs to the deck adjoining the "new house" in a reasonably safe condition. He contended that the bottom stair was unstable and that the area leading to it was cluttered by debris, including a drain pipe, electric wires, and rocks. However, the defendants' motions for summary judgment were based on Bacon's testimony that he was unable to attribute his fall to any of those conditions. When he was deposed on May 2, 1997, he gave the following testimony in response to the following questions:**

Q: Do you remember stumbling as you started up the steps?

A: I don't remember hardly anything.

. . . .

Q: And you don't remember exactly where you were when you began to stumble; is that right?

A: That's correct.

Q: And you don't know whether it was -- whether there was even some object that caused you to slip or stumble; is that right?

A: I don't remember anything.

. . . .

Q: You don't remember where you were?

A: No.

Q: And from the time after the rifle discharged, you don't know exactly where you were when you fell or what caused you to fall; is that right?

A: Correct.

. . . .

Q: And you don't recall if you had even reached the steps at the time that you fell; is that right?

No

A. That's correct.

. . . .

Q: Did you want to add something?

A: Yes. I've stated umpteen numerous times that I don't remember if I tripped or if I was just clumsy or if I missed the step or hit it or whatever. I've stated that and stated that, and I don't recall.

**¶27 Bacon also testified that while he had stumbled climbing those same steps prior to the incident in question, he had done so as the result of his own clumsiness, and not because of the condition of the steps.**

**¶28 In response to Bacon's deposition testimony, which was cited to the District Court in support of the defendants' motions for summary judgment, Gentry cited the District Court, and now cites this Court, to the following statement made by Bacon during an interview with investigators on November 16, 1995.**

TW: Okay. So, you remember stumbling, and you don't remember on what?

BB: No, I don't remember if I went to step up on the step or if . . . there's a rock there also underneath the step to keep it level. I don't think it was that, I think it was the step.

**¶29 Gentry contends that based on this isolated statement a reasonable finder of fact could infer that it was the step which caused Bacon's fall. However, earlier in the same interview, he was asked the following question and gave the following answer:**

TW: Do you remember what you stumbled on?

BB: No I don't.

**¶30 Furthermore, when asked in his deposition whether, at the time of his November 16 statement, he had remembered what caused him to fall, he testified that he had not. That testimony was consistent with his statement on the date of the incident in which he stated that he did not know how he fell.**

¶31 Finally, even the isolated statement relied on by Gentry does not support the contention that it was the condition of the step or the area surrounding the step which caused Bacon to stumble and fall. The most that could be inferred was that he was about to ascend the stairs when he did stumble and fall. Why he stumbled and fell would still require speculation. In the context of summary judgment proceedings, we have previously held that neither a suspicion nor speculation is sufficient to defeat a motion for summary judgment. In *Benson v. Diehl* (1987), 228 Mont. 199, 203, 745 P.2d 315, 317, we held that:

A suspicion, regardless of how particularized it may be, is not sufficient to sustain an action or to defeat a motion for summary judgment. Unsupported conclusory or speculative statements do not raise a genuine issue of material fact. The trial court has no duty to anticipate possible proof. *Gates v. Life of Mont. Ins. Co.* (1982), 196 Mont. 178, 638 P.2d 1063, 1066.

¶32 The facts presented in this case are similar to those presented in *Krone v. McCann* (1982), 196 Mont. 260, 638 P.2d 397, *overruled on other grounds by Richardson v. Corvallis Public School Dist.* (Mont. 1997), 950 P.2d 748, 756, 54 St. Rep. 1422, 1428. In that case, the plaintiff sought damages for injuries she sustained while walking on property owned by the defendant. She was injured when she stumbled over some object on the property. However, she was unable to identify what it was that caused her to stumble. We affirmed summary judgment for the defendant for the following reasons:

More importantly, the fact is undisputed that the appellant cannot describe what caused her injury. She does not know if it was merely a mound of dirt or an old corral pole.

In an action for negligence, a plaintiff must produce evidence from which it can be reasonably inferred that negligent conduct on the part of the defendant or its agents was the proximate cause of the plaintiff's injuries. *Flansberg v. Montana Power Company* (1969), 154 Mont. 53, 460 P.2d 263, *approved in Scott v. Robson, supra*, 597 P.2d at 1155. Here, the appellant simply does not know exactly what caused her injury. As noted above, the respondents cannot be the insurers of the appellant and held liable for her injury merely because an accident happened on their land.

*Krone*, 196 Mont. at 266, 638 P.2d at 400-01.

¶33 Likewise, Gentry has offered no substantial evidence that any condition on the property owned by the ranch company and leased by the cattle company caused Bacon to stumble and fall immediately before his rifle discharged and struck the decedent, Barbara Gentry. Therefore, we conclude that cause in fact cannot be proven as a matter of law, and the District Court did not err when it held that the defendants, Douglas Hereford Ranch, Inc., and Pard Cattle Company were not negligent in a manner that contributed to the injuries and death of Barbara Gentry.

## ISSUE 2

¶34 Did the District Court err when it concluded as a matter of law that defendant Douglas Hereford Ranch, Inc., was not vicariously liable for the negligence of Brent Bacon?

¶35 Gentry contends that even if a dangerous condition on the ranch property was not responsible for Barbara Gentry's injury and death, the ranch company is vicariously liable for the negligence of Bacon because he was at the ranch to perform services for the ranch company on the date of Barbara's injury. However,

A claim of respondeat superior against an employer requires there to have been an employment relationship between the defendant and the tortfeasor when the injury to the third party occurred. In the absence of statutory or contractual provisions to the contrary, a public or private entity is ordinarily not vicariously liable for, or obligated to pay expenses associated with, the tortious acts of those who are not its employees. Distinctions between the terms employer and employee, master and servant, and principal and agent are immaterial for respondeat superior purposes.

27 Am. Jur. 2d *Employment Relationship* § 461 (1996).

¶36 We apply the same limitation to the principle of *respondeat superior* in Montana. *See Clawson v. Schroeder* (1922), 63 Mont. 488, 498-99, 208 P. 924, 927.

¶37 Furthermore, an employment relationship is contractual in nature and generally requires the mutual assent of the parties, as well as consideration. *See* 27 Am. Jur. 2d *Employment Relationship* § 14 (1996). In this case, none of the elements of an employment relationship were proven. Bacon's gratuitous offer to help his wife's grandmother open the garage door, and his willingness to help start the furnace so

that his wife and her friend would be warmer while they painted the walls of the "new house" did not make him the ranch's employee.

¶38 Finally, *respondeat superior* only applies to an employee or agent who is acting within the scope of his duties owed to his employer or principal. *See Kornec v. Mike Horse Mining Co.* (1947), 120 Mont. 1, 8, 180 P.2d 252, 256; *Hoffman v. Roehl* (1921), 61 Mont. 290, 298-99, 203 P. 349, 350. In this case, it is undisputed that Bacon was not acting on behalf of the ranch company or the cattle company at the time that his conduct caused Barbara's injury. He had abandoned his effort to start the furnace in the "new house." He had gone to his personal vehicle to pick up his rifle, and was returning to borrow the pickup so that he could go hunting. Nothing about his activity at the time that he stumbled and shot Barbara was remotely related to ranch business.

¶39 For these reasons, we conclude that the District Court did not err when it held, as a matter of law, that Douglas Hereford Ranch, Inc., was not vicariously liable for the acts or omissions of Brent Bacon on November 5, 1994, when he injured Barbara Gentry.

¶40 We affirm the judgment of the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

 /S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.

/S/ KARLA M. GRAY